# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEREK SMITH LAW GROUP, PLLC

**DEFENDANTS**
SETH CARSON, ESQ., individually and d/b/a CARSON LEGAL GROUP

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DEREK SMITH LAW GROUP, PLLC, 1628 Pine Street
Philadelphia, Pennsylvania 19103, (215) 391-4790

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity of Citizenship
Brief description of cause:
Breach of Contract, Conversion

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/7/25

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Philadelphia PA_____

---

***RELATED CASE IF ANY:***    Case Number:_____    Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief   ***see certification below***
16. ☐ All Other Federal Question Cases. *(Please specify):*_____

*B. Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA           Case Number:
------------------------------------------------------------x

DEREK SMITH LAW GROUP, PLLC,                COMPLAINT

        Plaintiff

    -against -

SETH CARSON, ESQ.,
individually and d/b/a
CARSON LEGAL GROUP

        Defendants
------------------------------------------------------------x

Plaintiff, Derek Smith Law Group, PLLC as and for Plaintiff's Complaint in this action against Defendant, Seth Carson, Esquire and Defendant, Carson Legal Group Esquire, upon both information and belief, alleges the following:

## NATURE OF THE CASE

1. This case is brought seeking the return or restoration of funds misappropriated by Defendants.

2. Plaintiff further seeks a Declaratory Judgment pursuant to 28 U.S.C. §2201 and FRCP 57 with respect to, inter alia, the rights and obligations of the parties' contract concerning fee splitting on cases that Defendants took from DSLG.

3. Plaintiff further seeks recovery for breach of contract for Defendant's failure to pay Plaintiff its share of legal fees on cases Defendant took with him.

## JURISDICTION AND VENUE

4. Venue is proper before this Court as all actions giving rise to the litigation occurred in Philadelphia County within the Eastern District of Pennsylvania. Further, Defendants conduct business in Philadelphia County.

5. This court has jurisdiction in that there exists complete diversity of citizenship and this matter exceeds the statutory minimum of $75,000.

## PARTIES

6. Plaintiff, Derek Smith Law Group, PLLC, (hereinafter referred to as "Plaintiff" or "DSLG") was and still is a foreign business corporation organized and existing by virtue of the laws of the State of New York and authorized to conduct business in the Commonwealth of Pennsylvania.

7. Plaintiff DSLG's members are citizens of the state of New Jersey.

8. Defendant, Carson Legal Group (hereinafter referred to as "Defendant CLG"), is a sole proprietorship and/or unincorporated business operating at 1628 Packer Avenue, Philadelphia, PA 19145.

9. Defendant, Seth Carson, Esquire (hereinafter referred to as "Defendant Carson") is an adult individual male who was and is the sole proprietor of Defendant CLG.

10. Defendants are citizens of the State of Pennsylvania.

## MATERIAL FACTS

11. On or around June 27, 2018, Defendant Carson was hired by Plaintiff as an Associate Attorney at Plaintiff's Philadelphia office location.

12. Defendant Carson remained employed by Plaintiff from June 27, 2018, through March of 2024 as an Associate Attorney.

13. Defendant Carson has stolen from DSLG in many ways during his time with DSLG by, *inter alia*, using the law firm credit card to make personal expenses; miscalculating his commissions so that DSLG would pay him more than what was owed; tricking management into paying him money based on false representations that he had more attorneys fees coming in than was the truth; failing to pay referring attorneys on his cases and hiding said fact from DSLG thereby wrongfully increasing his commissions and causing DSLG to still owe said referral fees; failing to reimburse DSLG for sanctions Defendant Carson was ordered to pay; and failing to repay loans by DSLG to Defendant Carson.

14. During his employment with Plaintiff, Plaintiff received a Child Support Order from the Philadelphia State Court with regard to child support owed by Defendant Carson.

15. Defendant Carson requested that instead of the usual process of being paid out whole commissions upon his case settlements, that Plaintiff would hold plaintiff's commissions and pay the amount of $2,884.61 per week out of his earned commissions to his child support obligations.

16. On July 12, 2019, Plaintiff paid the first weekly child support payment of $2,884.61 and paid this amount weekly for the duration of Defendant's employment.

17. As a loan to Plaintiff, DSLG would pay this amount even when Defendant's commissions earned ran out, putting Defendant sometime in the negative and then Defendant would replenish his monies with new settlement commissions.

18. After Plaintiff fired Defendant Carson, Defendant Carson owed Plaintiff thousands of dollars for overpayments to Carson which Carson has not reimbursed.

19. Additionally, during his employment with Plaintiff, Defendant Carson was provided with a firm credit card by Plaintiff to pay for any necessary business expenses.

20. At all times material, all attorneys who were employed by Plaintiff were provided with firm credit cards to pay for any business-related expenses.

21. It was made clear to all employees of DSLG that the firm credit cards were only to be used for business-related expenses and never for personal expenses.

22. On or around March 12, 2024, Plaintiff terminated Defendant Carson's employment with the firm.

23. Shortly thereafter, Plaintiff conducted an internal audit of Defendant Carson's client files, expenses, commissions and credit card.

24. Upon investigation, Plaintiff discovered numerous personal expenses and other charges that were not associated with work completed by Defendant Carson in his capacity as an Associate at Plaintiff's firm and did not appear to be a business expense.

25. By way of example, Defendant Carson made payments pertaining to his personal property management bills, rent, cell phone bills, meals, children's games, parking tickets, speeding tickets, travel and other non-business-related expenses using the firm credit card provided to him by Plaintiff.

26. Upon information and belief, Defendant Carson accrued approximately $20,000 in unreimbursed personal expenses using his firm credit card from July 12, 2019, until his termination on March 12, 2024.

27. Defendant Carson was well aware that all firm credit card charges needed to be assigned to a client and that said client expense needed to be fully accounted for.

28. In fact, on March 18, 2019, Derek Smith sent Seth Carson and other attorneys the following email:

> Subject: **\*\*\* URGENT MATTER RE COURT COSTS \*\*\***
>
> You are all using the firm credit card to charge filing fees for charges such as : Notes of Issue; Index Nos.; New Case Filing Fees; RJI's; Etc.
>
> HOWEVER, many of you are not emailing Joanne to identify 1) the amount of the charge, 2) the date of the charge and 3) the client to whom the charge is attributed.
>
> Without this info, we are unable to tell what charge is for what client. As such, the client cannot be properly billed and we may have to eat some of these charges. If anyone uses the card and does not notify our bookkeeper, Joanne, of the charges, you may end up not billing a client for a charge at the end of the case and you may be personally responsible. I do not want this. I never want this. You do not want this. Please simply notify Joanne what a charge is for when you use the credit card. That is all. Very simple.
> Thank you very much for your understanding.
> Joanne will be sending an email out shortly with the February credit card charges to now backtrack and try and find out what client was for what charge.

29. Then, on December 20, 2021 and again on January 24, 2022, Derek Smith sent the following email to Defendant Carson and other attorneys as follows:

> **Subject:** AGAIN REMINDER Re: REMINDER AGAIN: RE
> NO PERSONAL CHARGES & NO UBERS AND NO MEALS ON
> THE FIRM CREDIT CARD. NOTHING THAT IS NOT DIRECTLY LINKED TO
> A CLIENT'S CASE
>
> **REMINDER RE NO PERSONAL CHARGES & NO UBERS AND NO
> MEALS ON THE FIRM CREDIT CARD. NOTHING THAT IS NOT
> DIRECTLY LINKED TO A CLIENT'S CASE**

> **Any personal expenses on the firm charge shall be reimbursed by you to the firm plus a 30% surcharge. If it happens more than a few times, you will lose the card completely.**
>
> **Also,**
>
> **NO Ubers on the firm card**
> **NO Meals on the firm card**
> **NO Gas Stations**
>
> **The ONLY things to be charged to the firm credit card are filing fees and like expenses thar are DIRECTLY charged to a specific client.**
>
> **If you have any other charges that must be charged to a client, please use your OWN**
>
> **NON-CLIENT EXPENSES are NEVER CHARGED to the firm credit card. Each office Managing Attorney has an AMEX card for non-client expenses that need to be charged.**

30. Despite these emails, Defendant Carson continued to make personal charges on the firm credit card.

31. Upon discovery of the improper use of the firm credit card, Dawn Demaio, Head Paralegal and Human Resources Manager, and Caroline Miller, Esq. of DSLG contacted Defendant Carson to meet and confer regarding Defendant Carson's considerable balance.

32. On or around August 28, 2024, Plaintiff met with Defendant Carson and provided documentation of the improper expenditures.

33. Plaintiff has also provided Defendant with a full accounting of what he owes for various additional items such as unpaid loans, sanction fees, miscalculations on his commissions, weekly child support payments paid on his behalf, unreimbursed expenses Defendant failed to account for, referral fees Defendant failed to account for, etc.

34. The amount currently owed by Defendant to Plaintiff is approximately $115,000 and continues to grow as Defendant fails to pay Plaintiff its fees and expenses on cases Defendant took with him.

35. Plaintiff has attempted to communicate with Defendant Carson on numerous occasions to resolve the dispute and determine a method by which Defendant Carson could repay Plaintiff all money that he stole from the firm.

36. To date, Plaintiff has not received any payments from Defendant Carson or communications indicating that payment will be made.

37. When Plaintiff fired Defendant Carson, Defendant Carson took various cases with him.

38. With regard to those cases, on March 19, 2024, Derek Smith of DSLG sent Defendants the following offer via email:

> "You have only until the end of today to agree to the following and after today, my offer is withdrawn.
>
> In the event you still wish to enter into an agreement with DSLG with respect to cases that are going with you, the terms are as follows:
>
> 1. Of the cases handled by Seth Carson while at DSLG, some clients prefer to remain with DSLG and some of the clients prefer to go with Seth Carson at his new law practice. Seth Carson will provide signed retainers for all cases that he takes on from DSLG within 3 days of this agreement or written communications from said clients that they are leaving DSLG and going with Seth Carson.
> 2. DSLG shall continue to pay all case advanced expenses (not sanctions) on the cases that go with Seth Carson from DSLG.
> 3. For those who leave DSLG and go with Seth Carson, the fee split shall be the same as when Seth Carson was with DSLG: 1/3 of the attorneys fee to Seth Carson and 2/3 to DSLG. The fee shall be based on the net attorneys fee after deducting any applicable referral fees.
> 4. Seth Carson must immediately obtain and provide proof of legal malpractice insurance for all cases that he handles with at least $1 million in coverage.
> 5. On all cases that Seth Carson settled prior to leaving DSLG, DSLG will pay Seth Carson his 1/3 of the attorney's fees commission for the amount owed to Seth Carson after deducting amounts owed to DSLG by Seth Carson. If the amounts owed by Seth Carson to DSLG exceed the amount owed to Seth Carson, Seth Carson shall still owe and pay DSLG the difference. On such settled cases, if any were ones

> that you brought in, having absolutely nothing to do with the DSLG firm or DSLG firm advertising, i.e. friends or family, 40% to you and 60% to DSLG would apply.
> 6. With regard to all other matters, your prior commission agreement and arbitration agreement with DSLG remain in full force and effect."

39. That same night, Defendant CARSON sent Derek Smith an email with the subject line, "Agree." The body of the email read:

> I am going to agree with you. If the last email you sent is what it is - I agree. If you think about it and you agree to what we agreed to before - I agree.
> I agree to continue working with you on the cases that came with me. If we can extend this to other cases that would be great too. I hope we can talk about that one day soon.
> I agree to making sure you are fully paid if I owe you money and that if it is the other way around - I agree to receiving whatever the balance is. I agree.
> I agree to getting insurance of a million dollars. I don't know what the entails but I will take care of it.
> I agree to getting all the clients to sign retainers. You have the rough draft. Can you send it back to me.
> Ian and I made an agreement today on Shenecqua Butt - which is kind of carved out of the agreement I think but I agree.
> Whatever I can do to make it easier for everyone - I agree.
> Just trying to get past this transition phase so I can go to work on cases.

40. On March 20, 2024, Derek Smith email back to Seth Carson, the following:

    Okay,

    With respect to cases you take from DSLG, for clarity's sake, our agreement is reiterated as

    follows since it is not part of your below email:

    > Okay,
    >
    > With respect to cases you take from DSLG, for clarity's sake, our agreement is reiterated as follows since it is not part of your below email:

    1. Of the cases handled by Seth Carson while at DSLG, some clients prefer to remain with DSLG and some of the clients prefer to go with Seth Carson at his new law practice. Seth Carson will provide signed retainers for all cases that he takes on from DSLG within 3 days of this agreement or written communications from said clients that they are leaving DSLG and going with Seth Carson.

2. DSLG shall continue to pay all case advanced expenses (not sanctions) on the cases that go with Seth Carson from DSLG.
3. For those who leave DSLG and go with Seth Carson, the fee split shall be the same as when Seth Carson was with DSLG: 1/3 of the attorneys fee to Seth Carson and 2/3 to DSLG. The fee shall be based on the net attorneys fee after deducting any applicable referral fees.
4. Seth Carson must immediately obtain and provide proof of legal malpractice insurance for all cases that he handles with at least $1 million in coverage.
5. On all cases that Seth Carson settled prior to leaving DSLG, DSLG will pay Seth Carson his 1/3 of the attorney's fees commission for the amount owed to Seth Carson after deducting amounts owed to DSLG by Seth Carson. If the amounts owed by Seth Carson to DSLG exceed the amount owed to Seth Carson, Seth Carson shall still owe and pay DSLG the difference. On such settled cases, if any were ones that you brought in, having absolutely nothing to do with the DSLG firm or DSLG firm advertising, i.e. friends or family, 40% to you and 60% to DSLG would apply.

Good luck on the cases and I hope you get lots of money on them.

Please continue to deal with Dawn on accounting issues.

Thanks and I am glad we took care of this matter.

Get all your ducks in a row and we can talk at a later date about the new cases you acquire.
You have a lot to deal with now as far as I can tell.

41. The same day, March 20, 2024 Defendant Carson acknowledged the agreement and emailed

    Derek Smith as follows:

    Thanks Derek,
    I know I have a lot to deal with and right now the best thing is to follow Yours and
    Dawn's advice and just focus on the cases and doing well.
    I will get to work on this and circle back with you with good news on settlements.
    Thank you.

42. Defendants are in material breach of the above agreement by a) not providing signed retainers

    for all cases that he took from DSLG; b) failing to pay DSLG the above 2/3 of the attorneys

    fees on cases that Defendants settled after Defendant CARSON left DSLG; c) failure to

    immediately obtain and provide proof of legal malpractice insurance for all cases that he

handles with at least $1 million in coverage; d) failure to pay DSLG all amounts that he owes to DSLG as set forth herein.

43. DSLG has placed a lien on all of the above cases.

44. Furthermore, Plaintiff hereby asserts a lien on any recovery obtained in all of the cases Defendant Carson took from DSLG.

45. Defendant has violated Pennsylvania Rule 1.15. Safekeeping Property by failing to honor DSLG's lien and pay DSLG its share of the attorneys fees as agreed upon by Defendant.

46. Since Defendant left DSLG he has settled at least two of the cases he took from DSLG. The attorneys fees for these two cases are approximately $45,000. As per the parties' agreement, Defendant owed and owes DSLG $30,000 plus expenses reimbursement for these cases.

47. Defendant settled these cases and failed to pay Plaintiff as per Plaintiff's lien and the parties' agreement.

48. Defendant further owes Plaintiff 2/3 of the attorneys fees on all of the cases he took with him as well as expenses reimbursement.

49. The amount for said DSLG fees and expenses for the cases Defendant took with him are in the hundreds of thousands of dollars if not millions of dollars.

## COUNT I
**(Breach of Fiduciary Duty)**

50. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

51. At all times relevant hereto, Defendant Carson was an attorney duly admitted to practice law in the State of Pennsylvania.

52. At all times relevant hereto, Defendant Carson was placed in a position of fiduciary responsibility in his employment relationship with DSLG.

53. DSLG reposed trust and confidence in Defendant Carson.

54. As a fiduciary, Defendant Carson owed and owes DSLG due care, loyalty, candor, good faith, and fair dealing.

55. Defendant Carson's conduct as set forth above constitutes gross and willful breaches of his fiduciary duties which directly and proximately caused and continue to cause harm and damage to Plaintiffs in an amount to be determined at trial.

## COUNT II
**(Unjust Enrichment)**

56. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

57. Defendants received a benefit as stated herein.

58. Said benefit was at the plaintiff's expense.

59. The above benefit at Plaintiff's expense occurred under circumstances that would make it unjust for the defendants to retain the benefit without commensurate compensation.

60. As a result of above, Plaintiff has suffered damages in in an amount to be determined at trial.

## COUNT III
**(Conversion)**

61. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

62. By using the Plaintiff's credit card for personal charges and not paying Plaintiff back, Defendant Carson wrongfully deprived Plaintiff of significant sums of money.

63. As a result of above, Plaintiff has suffered damages in in an amount to be determined at trial.

## COUNT IV
**(Claim for an Accounting)**

64. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

65. Defendants have a duty to account to Plaintiff for all sums received from cases which Defendant Carson took with him from DSLG.

66. Plaintiff hereby requests a full and detailed accounting for all clients he took with him from DSLG.

67. Plaintiff respectfully requests that this Court issue an Order compelling and requiring defendants to provide such detailed accounting, in writing, and to provide regular updates of same on a timely basis.

## COUNT V
### (Fraud)

68. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

69. Defendant Carson knew that he did not have permission to use the company credit card for personal expenses.

70. Defendant Carson made numerous personal charges on the firm credit card in order to defraud and deceive Plaintiff out of significant sums of money.

71. In addition, Defendant Carson caused his child's mother to charge DSLG for process server fees that were unnecessary and/or grossly inflated.

72. In addition, Defendant Carson lied to and omitted from his commission calculations referral fees owed on his cases so as to wrongfully increase his commissions.

73. As a result of Defendant Carson's fraudulent conduct, Plaintiff has suffered damages in in an amount to be determined at trial.

## COUNT V
### (Declaratory Judgment)

74. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

75. Plaintiff seeks a declaratory judgment that the parties have a valid and enforceable contract as set forth in the parties' March 20, 2024 email exchange referred to above.

76. Plaintiff further seeks a declaratory judgment that Defendants are in breach of the parties' March 20, 2024 agreement in a) not providing signed retainers for all cases that he took from DSLG; b) failing to pay DSLG the above 2/3 of the attorneys fees on cases that Defendants settled after Defendant CARSON left DSLG; c) failure to immediately obtain and provide proof of legal malpractice insurance for all cases that he handles with at least $1 million in coverage; d) failure to pay DSLG all amounts that he owes to DSLG as set forth herein.

## COUNT VI
### (BREACH OF CONTRACT)

77. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth at length herein.

78. Defendant Carson has breached the herein mentioned agreement with Plaintiff.

79. Defendant Carson has already settled cases that he took from DSLG and failed to pay Plaintiff in breach of his agreement with DSLG and in violation of DSLG's lien on the cases.

80. As a result of Defendant Carson's fraudulent conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## INJURY AND DAMAGES

81. As a result of the acts and conduct complained of herein, Plaintiff has suffered damages in in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Derek Smith Law Group, PLLC demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including, but not limited to, all compensatory damages, punitive damages, liquidated damages, statutory damages, attorneys' fees and costs, and disbursements of action; and for a declaratory judgment as set forth herein, and for such other relief as the Court deems just and proper.

Dated: March 7, 2025                              **DEREK SMITH LAW GROUP, PLLC**

_____
Derek T. Smith, Esq.
1628 Pine Street
Philadelphia, Pennsylvania 19103
Tel: (215) 391-4790
derek@dereksmithlaw.com
*Attorneys pro se for Plaintiff*